GEORGE FRENCH V. HARLAN P. CHRISTY AND ADAM GAL-
LINGER.

*Reservation of Lands on State Contracts.*

Lands are not withdrawn from market on a State road contract
unless reserved within the time limited for the completion
of the work.

On application for the reservation of lands on a State road con-
tract, an officer of the land-office marked the descriptions of
land applied for on a plat book of the office. No list of the
lands wanted was filed by the applicant, as required by Comp.
L., § 3959, until after the time specified in the contract for
the completion of the work. *Held* insufficient as a reservation.

Appeal from Wexford.    Submitted June 14.    Decided
October 9.

BILL TO COMPEL THE CONVEYANCE by defendants to com-
plainant of certain lands which the latter claims to have
selected and reserved under a swamp land State road con-
tract, but which the State had patented to defendants'
grantor.    The road contracted for was to have been built
by July 1, 1867.    It is provided by law that on filing a
list of the lands selected to apply on the contract, they shall
be withheld from market during the full time specified in
the contract for its completion.    Comp. L., § 3959.    The
complainant applied at the land office for the lands he
wanted, through an agent to whom he sent four successive
lists, two of which the agent presented at the office before
July 1st, and two between that date and August 29.    The
agent testified that he called the attention of an officer to
the minutes and had the different descriptions as contained
in the lists reserved upon the contract, the officer making
the entries on the plat book.    The lists were not filed but
were returned to the agent at his request and sent back to
the complainant.    No list was actually filed until late in
August, and it is not certain that any was filed until Octo-
ber, 1870.    The contract does not seem to have been fully

executed until 1868, but the time allowed was never extended, though a resolution of the Board of Control of State Swamp Lands, dated April 1, 1868, and ordering that all contracts which expired by their terms before Dec. 31, 1867, should stand as cancelled from July 31, 1868, was suspended as to this contract before that date. The court below decreed a conveyance and defendants appealed.

*J. T. Holmes, Maynard & Swan* and *T. A. Ferguson* for complainant, cited the following statutes: Act 117 of 1859, amended by Acts 107 of 1861, 26 of 1862, and 224 of 1863; Acts 154 and 339 of 1865; and Act 76 of 1867. Under Comp. L., § 3959 the reservation is to continue while the contract is in force, and in this case the limitation of time was waived by the resolutions of April 1 and July 8, 1868. Waiver as to time may be implied, and be made after the contract expires. *Clark v. Dales*, 20 Barb., 63; *Smith v. Gugerty*, 4 Barb., 621; *Jewell v. Schroeppel*, 4 Cow., 564; *Shaw v. Lewistown Turnpike Co.*, 2 Penn., 454; 3 Penn., 445.

*S. F. Seager* and *Meddaugh & Driggs* for defendants. Reservations cannot be made except according to statute. *People v. Pritchard*, 17 Mich.. 340. The right to reserve is forfeited if the contract is not executed within the time limited for its fulfillment. *Houghton County v. Commissioner of State Land Office*, 23 Mich., 283; *Newcombe v. Chesebrough*, 33 Mich., 321.

GRAVES, J. The defendants hold certain swamp lands which the State patented to one Robinson, and complainant sues in equity for them on the claim that when they were patented he had a right against them as lands duly reserved in his favor as a swamp road contractor, and that they were not lawfully grantable to others and are now positively due to him.

The controlling facts do not differ to complainant's advantage in any way from those in *Newcombe v. Chesebrough*, 33 Mich., 322. Indeed the similarity is so close and

constant in reference to all matters of importance that we conceive it inexpedient to consume time in reciting the particulars.

Before the patent issued to Robinson the time within which it was competent to divert the lands from market and devote them by reservation to complainant had passed and nothing had taken place in the shape or to the end of reservation sufficient to exclude them from market and assign them to the domain of his right as swamp road contractor.

In short there had been nothing equivalent to a legitimate selection and setting apart of the lands on which a claim could be based against regular purchasers from the State.

As the court below decreed in complainant's favor, the decree must be reversed and the bill dismissed with costs of both courts to defendants.

The other Justices concurred.